**Mark M. Tallmadge**
**BRESSLER, AMERY & ROSS**
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey  07932
P.O. Box 1980
Morristown, New Jersey  07962
(973) 514-1200
Attorneys for Defendants
  HealthSouth Corporation and
  Cobb Martinez Woodward, PLLC

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN ASSET FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE COREA FIRM, THOMAS M. COREA, ESQ., COBB MARTINEZ WOODWARD, PLLC and HEALTHSOUTH CORPORATION,<br><br>Defendants. | Civil Action No.<br>2:11-cv-4117-WHW-MCA<br><br><br><br>**DEFENDANTS COBB MARTINEZ WOODWARD, PLLC AND HEALTHSOUTH CORPORATION'S ANSWER TO THE AMENDED COMPLAINT** |

Defendants, HealthSouth Corporation and Cobb Martinez Woodward, PLLC ("Defendants"), through their undersigned attorneys, by way of answer to plaintiff American Asset Finance, LLC's Amended Complaint, says:

1.      Answering the allegations of paragraph 1 of the Amended Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave plaintiff to its proofs with respect thereto.

2.      Answering the allegations of paragraph 2 of the Amended Complaint, Defendants refer to the Agreement referenced therein for the contents thereof. Except as expressly answered herein, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and leave plaintiff to its proofs with respect thereto.

3.      Answering the allegations of paragraph 3 of the Amended Complaint, Defendants state that defendant HealthSouth Corporation is a Delaware corporation with its principal place of business located in Birmingham, Alabama and that HealthSouth does business in New Jersey, although there is no connection between this business and the allegations set forth in the Amended Complaint. Defendants admit that Cobb Martinez Woodward, PLLC is a Texas professional limited liability company with its principal place of business located in Dallas, Texas.  Defendants admit that Cobb Martinez Woodward, PLLC was counsel of record to HealthSouth Corporation in the Wright Case.  Except as expressly answered herein, the allegations of this paragraph are denied.

## Jurisdiction

4.      Answering the allegations of paragraph 4 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave plaintiff to its proofs with respect thereto.

5.      Answering the allegations of paragraph 5 of the Amended Complaint, Defendants refer to the Agreement referenced therein for the contents thereof. Except as expressly answered herein, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave plaintiff to its proofs with respect thereto.

6.      Answering the allegations of paragraph 6 of the Amended Complaint, Defendants admit that HealthSouth Corporation conducts business in New Jersey, although there is no connection between this business and the allegations set forth in the Amended Complaint.  Defendants further admit that Cobb Martinez Woodward, PLLC was counsel of record for HealthSouth Corporation in the Wright Case.  Defendants admit that plaintiff transmitted a notice of assignment to Cobb Martinez Woodward, PLLC.  Except as expressly answered herein, the allegations of this paragraph are denied.

7. Defendants state that this paragraph sets forth conclusions of law and not allegations of fact, and therefore, no answer is required. The allegations of this paragraph are denied insofar as they allege or imply any wrongdoing on behalf of defendants.

## Statement of Claim

8. Answering the allegations of paragraph 8 of the Amended Complaint, Defendants admit that the Wright Case was settled for the amount of $225,000, but refer to the Final Release Agreement for the exact terms of the settlement. Defendants deny that any portion of the settlement proceeds was payable to Wright's attorney and that Jonathan LaMendola confirmed that HealthSouth had any obligation to pay money to Wright's attorney. Except as expressly answered herein, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of this paragraph and leave plaintiff to its proofs with respect thereto.

9. Answering the allegations of paragraph 9 through 11 of the Amended Complaint, Defendants refer to the documents referenced therein for the exact terms and contents thereof. Except as expressly answered herein, Defendants deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations of these paragraphs and leave plaintiff to its proofs with respect thereto.

10. Answering the allegations of paragraph 12 of the Amended Complaint, Defendants refer to the documents referenced therein for the exact terms and contents thereof.  The allegations of this paragraph are denied insofar as they allege or imply any wrongdoing on behalf of Defendants.

11. Answering the allegations of paragraphs 13 through 19 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the allegations contained therein and leave plaintiff to its proofs with respect thereto.

12. Answering the allegations of paragraph 20 of the Amended Complaint, Defendants refer to the documents referenced therein for the exact terms and contents thereof.  Except as expressly answered herein, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave plaintiff to its proofs with respect thereto. The allegations of this paragraph are denied insofar as they allege or imply any wrongdoing on behalf of the Defendants.

13. Answering the allegations of paragraph 21 of the Amended Complaint, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave plaintiff to its proofs with respect thereto.

14. Answering the allegations of paragraph 22 of the Amended Complaint, Defendants admit that on or about February 7, 2011 Mr. LaMendola received a facsimile communication from plaintiff, but refer to that document for the exact terms and contents thereof.  Except as expressly answered herein, the allegations of this paragraph are denied insofar as they allege or imply any wrongdoing on behalf of Defendants.

15. Answering the allegations of paragraphs 23 and 24 of the Amended Complaint, Defendants deny receiving any communications from plaintiff regarding a Medicare lien.  Except as expressly answered herein, Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained therein insofar as they are directed at other parties and leave plaintiff to its proofs with respect thereto.  The allegations of these paragraphs are denied insofar as they allege or imply any wrongdoing on behalf of Defendants.

16. Answering the allegations of paragraph 25 of the Amended Complaint, Defendants refer to the document referenced therein for the exact terms and contents thereof.  Except as expressly answered herein, the allegations of this paragraph are denied.

17. The allegations of paragraph 26 of the Amended Complaint are denied insofar as they are directed to these Defendants.

## ANSWER TO COUNT I

18. Answering the allegations of paragraph 27 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 26 of the Amended Complaint as if the same were set forth at length herein.

19. Answering the allegations of paragraphs 28 and 29 of the Amended Complaint, Defendants state that the allegations of these paragraphs are not directed towards them, and therefore, no answer is required. The allegations of these paragraphs are denied insofar as they allege or imply any wrongdoing on behalf of Defendants.

## ANSWER TO COUNT II

20. Answering the allegations of paragraph 30 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 29 of the Amended Complaint as if the same were set forth at length herein.

21. Answering the allegations of paragraphs 31 and 32 of the Amended Complaint, Defendants state that the allegations of these paragraphs are not directed towards them, and therefore, no answer is required. The allegations of these paragraphs are denied insofar as they allege or imply any wrongdoing on behalf of Defendants.

## ANSWER TO COUNT III

22. Answering the allegations of paragraph 33 of the Amended Complaint, Defendants repeat and rellage their answers to paragraphs 1 through 32 of the Amended Complaint as if the same were set forth at length herein.

23. Answering the allegations of paragraphs 34 and 35 of the Amended Complaint, Defendants state that the allegations of these paragraphs are not directed towards them, and therefore, no answer is required. The allegations of these paragraphs are denied insofar as they allege or imply any wrongdoing on behalf of Defendants.

## ANSWER TO COUNT IV

24. Answering the allegations of paragraph 36 of the Amended Complaint, Defendants repeat and rellage their answers to paragraphs 1 through 35 of the Amended Complaint as if the same were set forth at length herein.

25. The allegations of paragraphs 37 through 40 of the Amended Complaint are denied.

## ANSWER TO COUNT V

26. Answering the allegations of paragraph 41 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 40 of the Amended Complaint as if the same were set forth at length herein.

27. The allegations of paragraphs 42 through 44 of the Amended Complaint are denied.

### ANSWER TO COUNT VI

28. Answering the allegations of paragraph 45 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 44 of the Amended Complaint as if the same were set forth at length herein.

29. The allegations of paragraphs 46 and 47 of the Amended Complaint are denied.

### ANSWER TO COUNT VII

30. Answering the allegations of paragraph 48 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 47 of the Amended Complaint as if the same were set forth at length herein.

31. The allegations of paragraphs 49 through 52 of the Amended Complaint are denied.

### ANSWER TO COUNT VII

32. Answering the allegations of paragraph 53 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 52 of the Amended Complaint as if the same were set forth at length herein.

33. The allegations of paragraphs 54 and 55 of the Amended Complaint are denied.

### ANSWER TO COUNT IX

34. Answering the allegations of paragraph 56 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 55 of the Amended Complaint as if the same were set forth at length herein.

35. The allegations of paragraphs 57 through 59 of the Amended Complaint are denied.

### ANSWER TO COUNT X

36. Answering the allegations of paragraph 60 of the Amended Complaint, Defendants repeat and reallege their answers to paragraphs 1 through 59 of the Amended Complaint as if the same were set forth at length herein.

37. Answering the allegations of paragraph 61 of the Amended Complaint, Defendants refer to the Agreement referenced therein for the contents thereof. Except as expressly answered herein, the allegations of this paragraph are denied with respect to Defendants.

38. The allegations of paragraph 62 of the Amended Complaint are denied.

**WHEREFORE,** Defendants, HealthSouth Corporation and Cobb Martinez Woodward, PLLC, demand judgment in their favor dismissing plaintiff's Amended Complaint with prejudice and with costs, and any such other relief as this Court deems just and proper.

### SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

This Court lacks personal jurisdiction over Defendants HealthSouth Corporation and Cobb Martinez Woodward, PLLC.

### SECOND SEPARATE DEFENSE

Venue in the United States District Court for the District of New Jersey is improper.

### THIRD SEPARATE DEFENSE

The Amended Complaint fails to state a claim upon which relief can be granted.

### FOURTH SEPARATE DEFENSE

Plaintiff's claims are barred by operation of law and the Order of Final Judgment by Default entered in the Superior Court of New Jersey on June 1, 2011.

### FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred due to a lack of privity between plaintiff and Defendants.

### SIXTH SEPARATE DEFENSE

Plaintiff's claims are barred insofar as they are based on a contract that is void and unenforceable as contrary to public policy.

### SEVENTH SEPARATE DEFENSE

Defendants breached no duty owed to plaintiff by operation of contract or by operation of law.

### EIGHTH SEPARATE DEFENSE

The Amended Complaint is barred by the doctrines of unclean hands, estoppel, laches and/or waiver.

### NINTH SEPARATE DEFENSE

Plaintiff's damages, if any, are due to the acts and/or omissions of third persons, over whom Defendants had no control or right of control.

### TENTH SEPARATE DEFENSE

Plaintiff's claims are barred, or must be reduced, by virtue of plaintiff's failure to mitigate, minimize or avoid the damages allegedly sustained.

## ELEVENTH SEPARATE DEFENSE

Plaintiff has not sustained any damages by virtue of any act or omission of Defendants.

## TWELFTH SEPARATE DEFENSE

The Amended Complaint and causes of action alleged therein are barred by the applicable statute of limitations.

## THIRTEENTH SEPARATE DEFENSE

Any claim that plaintiff may have against Defendants is barred, or alternatively, must be reduced by virtue of the doctrine of comparative negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

## FOURTEENTH SEPARATE DEFENSE

Pursuant to N.J.S.A. 2A:15-97, Defendants claim credit for all collateral sources from which plaintiff has, or shall receive, benefits.

## FIFTEENTH SEPARATE DEFENSE

Defendants reserve the right pending the completion of discovery herein to assert such additional defenses as may exist.

## CROSSCLAIM FOR CONTRIBUTION

While denying any liability to the plaintiff for damages allegedly sustained by it, Defendants, HealthSouth Corporation and Cobb Martinez Woodward, PLLC, by way of crossclaim against defendants, The Corea Firm, PLLC and Thomas M.

Corea, Esq., and all other defendants now or hereafter named assert that said parties contributed to any and all of the injuries and damages suffered by the plaintiff.

**WHEREFORE**, Defendants, HealthSouth Corporation and Cobb Martinez Woodward, PLLC, demand contribution from all other defendants now or hereafter named pursuant to the provisions of the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et seq. and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

### CROSSCLAIM FOR INDEMNIFICATION

While denying any liability to the plaintiff for damages allegedly sustained by it, Defendants, HealthSouth Corporation and Cobb Martinez Woodward, PLLC, by way of crossclaim against defendants, The Corea Firm, PLLC and Thomas M. Corea, Esq., and all other defendants now or hereafter named, assert that if Defendants, HealthSouth Corporation and Cobb Martinez Woodward, PLLC, are found to be so liable, their liability is secondary, vicarious and imputed and that the primary liability is that of said defendants.

**WHEREFORE**, Defendants, HealthSouth Corporation and Cobb Martinez Woodward, PLLC, demand indemnification from all other defendants now or hereafter named for any such sums that shall be adjudged due to the plaintiff from Defendants, HealthSouth Corporation or Cobb Martinez Woodward, PLLC.

## CROSSCLAIM FOR CONTRACTUAL INDEMNIFICATION

While denying any liability to the plaintiff for damages allegedly sustained by it, Defendants, HealthSouth Corporation and Cobb Martinez Woodward, PLLC, by way of crossclaim against defendants, The Corea Firm, PLLC and Thomas M. Corea, Esq., assert that Defendants are entitled to be, and hereby demand to be indemnified for their legal fees and costs, and for any judgment that may be entered them, pursuant to the Section IV of the Final Release Agreement dated January 18, 2011.

**WHEREFORE**, Defendants, HealthSouth Corporation and Cobb Martinez Woodward, PLLC, demand indemnification from defendants, The Corea Firm, PLLC and Thomas M. Corea, Esq., for any such sums that shall be adjudged due to the plaintiff from Defendants, HealthSouth Corporation or Cobb Martinez Woodward, PLLC.

          **BRESSLER, AMERY & ROSS, P.C.**
          Attorneys for Defendants
            HealthSouth Corporation and
            Cobb Martinez Woodward, PLLC


      By:  /s/ Mark M. Tallmadge
          Mark M. Tallmadge

DATED:  August 15, 2011

## **CERTIFICATION OF SERVICE**

I hereby certify that on August 15, 2011 I electronically filed the foregoing Answer with the Clerk of the Court for the United States District Court for the District of New Jersey, and that a true and correct copy of the foregoing Answer was forwarded via Federal Express to:

> Sherry L. Foley, Esq.
> Foley & Foley
> 535 High Mountain Road
> Suite 210
> North Haledon, New Jersey 07508
> Attorneys for Plaintiff
>   American Asset Finance, LLC

>                      /s/ Mark M. Tallmadge
>                      Mark M. Tallmadge

DATED:  August 15, 2011