**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| AMERICAN ASSET FINANCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE COREA FIRM, THOMAS M. COREAS, ESQ., COBB MARTINEZ WOODWARD, PLLC and HEALTHSOUTH CORPORATION,<br><br>Defendants. | Civil Action No.:<br>2:11-cv-4117-WHW-MCA<br><br>Hon. William H. Walls, U.S.D.J.<br>Hon. Madeline Cox Arleo, U.S.M.J.<br><br>Motion Returnable: October 3, 2011 |

**DEFENDANTS COBB MARTINEZ WOODWARD, PLLC AND HEALTHSOUTH CORPORATION'S BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF NEW JERSEY**

**BRESSLER, AMERY & ROSS**
A Professional Corporation
325 Columbia Turnpike
Florham Park, New Jersey 07932
P.O. Box 1980
Morristown, New Jersey 07962
(973) 514-1200
Attorneys for Defendants
Cobb Martinez Woodward, PLLC
and HealthSouth Corporation

On the Brief:

Mark M. Tallmadge, Esq.
Benjamin J. DiLorenzo, Esq.

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

PRELIMINARY STATEMENT .......... 1

STATEMENT OF MATERIAL FACTS AND PROCEDURAL HISTORY .......... 2

LEGAL ARGUMENT .......... 4

POINT I .......... 4

THIS ACTION WAS PROPERLY REMOVED .......... 4

A. The Corea Defendants Are Nominal Parties .......... 5

B. The Assertion Of Cross-Claims Does Not Alter The Corea Parties' Status As Nominal Parties .......... 7

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page**

**CASES**

Allen v. Monsanto Co., 396 F.Supp.2d 728 .......... 5

Balazik v. Cty. Of Dauphin, 44 F.3d 209 (3d Cir. 1995) .......... 4

Bumberger v. Ins. Co. of North America, 952 F.2d 764 (3d Cir. 1991) .......... 4, 5

In re Gabrellian, 372 N.J. Super. 432 (App. Div. 2004) .......... 8

Johnson v. Helmerich & Payne, Inc., 892 F.2d 422 (5th Cir. 1990) .......... 4

McCachren v. Bridgestone/Firestone, 287 F.Supp.2d 940 (S.D. Ind. 2003) .......... 6

Michaels v. State of New Jersey, 955 F.Supp. 315 (D.N.J. 1996) .......... 4, 7

**STATUTES**

28 U.S.C. §§ 1441 and 1446 .......... 2

28 U.S.C. § 1446(a) .......... 4

N.J.S.A. 2A:15-5.1 .......... 8

N.J.S.A. 2A:53A-1 .......... 8

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 .......... 3

New Jersey Court Rule 4:43-1 .......... 2

**PRELIMINARY STATEMENT**

Defendants, Cobb Martinez Woodward, PLLC and HealthSouth Corporation (collectively, "Defendants"), respectfully submit the instant brief in opposition to plaintiff's motion to remand this matter to the Superior Court of New Jersey, Passaic County.

Plaintiff asserts that this matter should be remanded to the Superior Court of New Jersey because defendants, The Corea Firm, PLLC and Thomas M. Corea, Esq. (the "Corea parties"), did not indicate their consent to removal in violation of the unanimity requirement. However, plaintiff ignores that prior to removal, it obtained a final judgment by way of default fully adjudicating all rights between plaintiff and the Corea parties. The notion that Defendants should be required to track down and obtain the consent of parties who have failed to appear in an action, and have had final judgment entered against them is absurd. The Corea parties are nominal parties whose consent to removal is not required.

**STATEMENT OF MATERIAL FACTS AND PROCEDURAL HISTORY**

On or about March 15, 2011, plaintiff, American Asset Finance, LLC, commenced an action in the Superior Court of New Jersey, Passaic County under Docket No. PAS-L-1309-11. See Affidavit of Mark M. Tallmadge dated September 19, 2011 ("Tallmadge Aff'd"), Exh. A. The defendants named in that proceeding were The Corea Firm, PLLC and Thomas M. Corea, Esq. (collectively, the "Corea parties"). See Tallmadge Aff'd, Exh. B. The Corea parties never appeared in the action. Accordingly, on May 5, 2005, the Clerk of the Superior Court entered default against these parties as authorized by New Jersey Court Rule 4:43-1. See Tallmadge Aff'd, Exhs. A and B. Five days later, on May 11, 2011, plaintiff filed a motion seeking the entry of a final judgment by default against the Corea parties. See Tallmadge Aff'd, Exh. A.

Prior to resolution of the motion for entry of default judgment, plaintiff filed an Amended Complaint that added Cobb Martinez Woodward, PLLC and HealthSouth Corporation as parties. See Tallmadge Aff'd, Exh. C. On June 1, 2011, the Superior Court entered an Order Of Final Judgment By Default against the Corea parties in the amount of $100,032.40. See Tallmadge Aff'd, Exh. B.

On July 18, 2011, Defendants filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446. See Tallmadge Aff'd, Exh. D. Importantly, the Notice of Removal specifically averred that the consent to removal of defendants Thomas

M. Corea, Esq. and The Corea Firm, PLLC was unnecessary in light of the final judgment of default entered against them in the Superior Court of New Jersey:

> Insofar as a Final Order of Judgment By Default has been entered against Defendants Thomas M. Corea, Esq. and The Corea Firm, PLLC, these entities are only nominal parties whose residency and consent to removal are not relevant to the removal of this matter by Defendants HealthSouth Corporation and Cobb Martinez Woodward, PLLC.

See Tallmadge Aff'd, Exh. D at ¶ 8. Defendants filed an Answer to plaintiff's Amended Complaint on August 15, 2011. See Tallmadge Aff'd, Exh. E.[1]

Despite the entry of a final judgment against the Corea parties prior to removal, plaintiff incorrectly seeks to remand this matter alleging that the Corea parties did not consent to removal. As set forth herein, plaintiff's argument is without merit.

[1] Pursuant to Fed. R. Civ. P. 12, Defendants' Answer to plaintiff's Amended Complaint raises, *inter alia*, the defenses that this Court lacks personal jurisdiction over Defendants and that venue is improper in the United States District Court for the District of New Jersey. Defendants continue to reserve all rights in this regard.

## LEGAL ARGUMENT

### POINT I

### THIS ACTION WAS PROPERLY REMOVED.

Plaintiff's argument that the Corea parties were required, but failed, to consent to Defendants' removal of this matter from the Superior Court of New Jersey is without merit. By virtue of the final judgment entered against the Corea parties, they are nominal parties whose consent to removal is unnecessary and irrelevant.

"A defendant or defendants desiring to remove any civil action…shall file…a notice of removal." 28 U.S.C. § 1446(a). "[R]emoval generally requires unanimity among the defendants." Balazik v. Cty. Of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). The "failure to join all the defendants in a removal petition is not a jurisdictional defect," but is procedural. Johnson v. Helmerich & Payne, Inc., 892 F.2d 422, 423 (5th Cir. 1990).

An exception to the unanimity requirement exists when:

> (1) a non-joining defendant is an unknown or nominal party; (2) a defendant has been fraudulently joined; or (3) a non-resident defendant has not been served at the time the removing defendants filed their petition.

Michaels v. State of New Jersey, 955 F.Supp. 315, 319 (D.N.J. 1996)(citing Balazik, 44 F.3d at 213, n. 4). "Nominal parties are generally those without a real interest in the litigation." Bumberger v. Ins. Co. of North America, 952 F.2d 764,

767 (3d Cir. 1991). "[A] federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." Id.

Contrary to plaintiff's suggestion, the definition of a "nominal party" is not limited to parties for which "there is [not] any legal possibility for predicting that they may be held liable." Pb at 6. Federal courts across the country have taken wide and varying views on what constitutes a "nominal party" for purposes of consent to removal and jurisdiction. See Allen v. Monsanto Co., 396 F.Supp.2d 728, 732-33 (describing several views of the definition of "nominal party"). The central inquiry, however, is whether the party is "without a real interest in the litigation." Bumberger, 952 F.2d at 767.

**A. The Corea Defendants Are Nominal Parties.**

Here, there is little doubt that the Corea parties no longer have a "real interest" in this litigation. Prior to Defendants' joinder by way of Amended Complaint, liability and damages against the Corea parties were fully adjudicated by way of the Final Judgment of Default entered on June 1, 2011. See Tallmadge Aff'd, Exh. B. The Corea parties have lost their ability to participate in this litigation by virtue of the final judgment entered against them. The futility in obtaining the consent of the Corea parties should not operate to bar Defendants' timely petition for removal.

The circumstances presented here are analogous to those considered by the federal district court in McCachren v. Bridgestone/Firestone, 287 F.Supp.2d 940 (S.D. Ind. 2003). There, plaintiff filed a Complaint against both Bridgestone and Ford Motor Company in state court on March 6, 2001. McCachren, 287 F.Supp.2d at 941-42. On April 9, 2001, plaintiffs reached a settlement with Ford, and Ford thereafter filed an Answer with the Court in order to satisfy "all steps technically necessary to effect dismissal." Id. at 942. Bridgestone was not served with the state court complaint until June 18, 2001, and thereafter filed a Notice of Removal averring that Ford's consent to removal was unnecessary. Id. The plaintiff moved to remand based, *inter alia*, on the fact that Ford had not consented to removal in violation of the unanimity requirement. Id. The Court rejected plaintiff's contention stating that "Ford, having settled with the plaintiffs, was a nominal defendant whose joinder in removal was not required." Id.

Just as Ford was deemed a party without a real interest in the litigation by virtue of its settlement with the plaintiff, the Corea parties have no real interest in this case given the entry of final judgment by default against them. Plaintiff repeatedly contends that the Corea parties are essential parties based on the allegations of the Amended Complaint related to their wrongdoing and tortious conduct. This logic ignores the final judgment of default that plaintiff has already obtained against the Corea parties resulting in a complete adjudication of their

respective rights. The Corea parties are now judgment debtors, not defendant parties. The factual allegations in the Amended Complaint related to the Corea parties' actions are irrelevant. Similarly, that Mr. Corea may be a witness in this matter is irrelevant. There is simply nothing left to adjudicate as between plaintiff and the Corea parties rendering them a nominal party to this litigation.

Further, as nominal parties, the Corea parties lack standing to object or join in the removal petition. As the Corea parties could not themselves object to removal due to their status as a nominal parties, plaintiff cannot defeat removal by raising an argument that the Corea parties would be precluded from raising. See e.g. Michaels, 955 F.Supp. at 322 ("[T]he only party challenging the propriety of the removal is Newark, which, as a nominal party, lacks standing to do so. Logic dictates that if a nominal party lacks the power to object to its *own* failure to join in or consent to the removal, it similarly lacks the power to impugn the *other* defendants' failure to formally do so.")

### B. The Assertion Of Cross-Claims Does Not Alter The Corea Parties' Status As Nominal Parties.

Plaintiff incorrectly asserts that the Corea parties remain necessary parties because Defendants have asserted cross-claims for contribution and indemnification against the Corea parties in their Answer to plaintiff's Amended Complaint. To the contrary, these cross-claims merely preserve Defendants' rights

to apportionment of liability between Defendants and the Corea parties pursuant to the New Jersey Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A-1, et seq., and the New Jersey Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.  As in any other case, the principles embodied in these statutes permit Defendants to raise an "empty chair" defense arising from the Corea parties' failure to appear and the resulting default judgment.  The Corea parties need not be active defendants in order for Defendants to prove allocation of liability to them as a defense to plaintiff's claims.

The cross-claims further preserve Defendants' rights under the New Jersey Entire Controversy Doctrine.  "The entire controversy doctrine requires the assertion of all claims arising from a single controversy in a single action at the risk of being precluded from asserting them in the future."  In re Gabrellian, 372 N.J. Super. 432, 444 (App. Div. 2004).  Accordingly, the cross-claims are asserted herein to preclude any entire controversy defense that the Corea parties may raise in any subsequent proceeding that Defendants may bring against them in an appropriate venue.

## CONCLUSION

For all of the foregoing reasons, defendants, Cobb Martinez Woodward, PLLC and HealthSouth Corporation respectfully request that plaintiff's motion to remand to the Superior Court of New Jersey, Passaic County be denied.

**BRESSLER, AMERY & ROSS, P.C.**
Attorneys for Defendants
HealthSouth Corporation and
Cobb Martinez Woodward, PLLC

By: /s/ Mark M. Tallmadge
Mark M. Tallmadge

DATED: September 19, 2011