FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AMERICAN ASSET FINANCE, LLC, | |
| Plaintiff, | **OPINION** |
| v. | Civ. No. 2:11-cv-4117 (WHW) |
| THE COREA FIRM, THOMAS M. COREA, ESQ., COBB MARTINEZ WOODWARD, PLLC and HEALTHSOUTH CORPORATION, | |
| Defendants. | |

**Walls, Senior District Judge**

This case arises from Attorney Thomas Corea's ("Corea") assignment of his portion of settlement proceeds in a case against HealthSouth Corporation ("HealthSouth") to American Asset Finance, LLC ("AAF"). AAF alleges that despite notification that the proceeds were to be paid to AAF, defendants HealthSouth and its lawyers, Cobb Martinez Woodward, PLLC ("Cobb Martinez") failed to pay AAF and paid Corea instead. HealthSouth and Cobb Martinez ("removing defendants") removed the case based on diversity jurisdiction. AAF moves to remand because The Corea Firm and Thomas M. Corea, Esq. ("Corea defendants") did not join in the Notice of Removal. The removing defendants argue that it was not necessary for the Corea defendants to join the removal because they are nominal parties. The Court finds that the Corea defendants are not nominal parties and were required to join in removal. The Motion to Remand is granted.

FOR PUBLICATION

## FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the parties' submissions to this Court:

The plaintiff originally filed a complaint against the Corea defendants on March 15, 2011 in the Superior Court of New Jersey, Law Division, Passaic County. On May 5, 2011 the Superior Court entered default against the Corea defendants. On May 11, 2011 the plaintiff filed a motion seeking the entry of a final default judgment against the Corea defendants. On May 28, 2011 AAF amended its Complaint to add HealthSouth and Cobb Martinez as defendants. The Superior Court entered final default judgment against the Corea defendants on June 1, 2011. Health South and Cobb Martinez were served on June 17, 2011. HealthSouth and Cobb Martinez filed a Notice of Removal pursuant to 28 U.S.C. §§ 1441 & 1446 on July 18, 2011. The Notice of Removal stated that because of the final default judgment the Corea defendants are nominal parties whose consent to removal was unnecessary. The removing defendants filed an answer and cross-claims against the Corea defendants for contribution and indemnification on August 15, 2011.

## STANDARD OF REVIEW

When confronted with a motion to remand, the removing party has the burden of establishing the propriety of removal. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991). Moreover, "removal statutes 'are to be strictly construed against removal, and all doubts resolved in favor of remand.'" Id. (citations omitted).

## DISCUSSION

"Removal requires unanimity—all defendants must join in a notice of removal in order for removal to be permissible." Delalla v. Hanover Ins., No. 11-1532, 2011 U.S. App. LEXIS 20651, at *18-19 (3d Cir. Oct. 12, 2011) (citing Fletcher v. Hamlet, 116 U.S. 408, 410 (1886)).

Remand is appropriate where one or more defendants do not join in removal. Wausau Ins. Cos., Inc. v. Liguori, No. 05-2706 & 05-3678, 2006 U.S. Dist. LEXIS 64392, at *10 (E.D. Pa. Sept. 7, 2006) (citations omitted). But the rule of unanimity does not apply: "(1) when the nonjoining defendant is a nominal party; (2) when the defendant has been fraudulently joined; or (3) when a defendant has not been served when the removing defendants filed their notice of removal." Id. (citing Shepard v. City of Phila., No. 00-CV-6076, 2001 U.S. Dist. LEXIS 783, at *4 n.1 (E.D. Pa. Jan. 31, 2001)). Here, the Corea defendants defaulted in the state court and made no appearances for any purpose in either state or federal court. Opp. Br. at Prelim. Statement. The removing defendants argue that removal was proper because due to the default judgment the Corea defendants are nominal parties whose consent to removal is not required. Opp. Br. at 3.

Cases describe the standard for determining whether a party is nominal in various ways, with many cases arising where participation of the allegedly nominal defendant would destroy diversity. One such Third Circuit case defined "nominal parties" as "those without a real interest in the litigation." Bumberger v. Ins. Co. of North America, 952 F.2d 764, 767 (3d Cir. 1991) (citing Wolff v. Wolff, 768 F.2d 642, 645 (5th Cir. 1985)). District courts have stated that a party who is "neither necessary nor indispensable to join in the action" under Federal Rule of Civil Procedure 19 is a nominal party. Mallalieu-Golder Ins. Agency, Inc. v. Executive Risk Indem., Inc., 254 F. Supp. 2d 531, 524-25 (M.D. Pa. 2003) (citing Farias v. Bexar County Bd. of Trs., 925 F.2d 866, 871 (5th Cir. 1991)); Wasau Ins. Cos., Inc., 2006 U.S. Dist. LEXIS 64392, at *12. Rule 19 requires that a party be joined if:

> (1) in the person's absence, the court cannot accord complete relief among existing parties; or
> (2) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or

> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Other cases classify defendants as "nominal if there is no reasonable basis for predicting that it will be held liable." Shaw v. Dow Brands, Inc., 994 F.2d 364, 369 (7th Cir. 1993) (overruled on other grounds by Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 540 (7th Cir. 2006)); see also Farias v. Bexar, 925 F.2d at 872 ("The bottom line concern in determining a nominal party is whether the plaintiff can establish a cause of action against the nonremoving defendant in state court.").

The two questions in this case are: 1) whether entry of default judgment against a party renders that party nominal, and 2) whether the removing defendants' cross-claims against the defendants in default indicate that they are not nominal parties.

Removing defendants argue that the Corea defendants are nominal parties because they no longer have a real interest in the litigation once default judgment has been entered against them. Opp. Br. at 5. In support of this argument defendants provide a case where a settling party was found to be nominal. Id. at 6. In McCachren v. Bridgestone/Firestone a defendant who had settled was found to be a nominal party whose joinder in removal was not required. 287 F. Supp. 2d 940, 942 (S.D. Ind. 2003). Similarly, in Dennison v. Shell Oil Co. the court held that "a settling defendant should not be deemed nominal for purposes of consent to removal until such time as a finalized settlement has been reached and a stipulation of dismissal or for entry of judgment has been filed with respect to any claims against the settling defendant." Civ. No. 07-802, 2007 U.S. Dist. LEXIS 91887 at *6-9 (S.D. Ill. Dec. 14, 2007). The removing defendants' attempt to draw an analogy between final judgments entered by the state court against a settling party and final judgments entered against a defaulting party.

But in a more closely analogous case dealing directly with whether a defaulted defendant is a nominal party the court found that a judgment of default in the state court does not render a party nominal. Schlegle & Sons Printing v. United English Breeders & Fanciers Assoc., Inc., 682 F. Supp. 36, 37 (C.D. Ill. 1988). In that case the plaintiff filed a complaint against three defendants, one of whom was not diverse. The non-diverse defendant defaulted, after which the plaintiff filed a new claim arising out of the same events against one of the remaining defendants. Even though the claim that was the basis for removal was filed after default judgment was entered, the court held that the diversity destroying defendant was not a nominal party. The court reasoned, "Although [diversity destroying] Defendant Kinsolving has been defaulted, this Court would nevertheless have to enforce the default judgment against him. … Plaintiff and … Defendant Kinsolving … are still parties to this lawsuit." Id. Though Kinsolving was not nominal in a case where he destroyed diversity, a substantive requirement for removal, by analogy the Corea defendants should not be considered nominal where they have failed to meet procedural requirements for removal.

It could even be argued that the entry of default judgment against the Corea defendants demonstrates that they are *not* nominal parties because the plaintiff's entitlement to default judgment against the Corea defendants is a judicial recognition that real claims have been asserted against them. "The mere fact that plaintiff[ is] entitled to a default judgment against [an arguably nominal defendant] supports plaintiff['s] argument that [the defendant] is not a nominal party." Marberger v. Prudential Securities Inc., No. 93-73129, 1993 U.S. Dist. LEXIS 17619 at *3 n.2 (E.D. Mich. Oct. 5, 1993).

The defendants argue that "The notion that Defendant should be required to track down and obtain the consent of parties who have failed to appear in an action, and have had final

judgment entered against them[,] is absurd." Opp. Br. at Prelim. Statement. But removal statutes are strictly construed against removal in part as a gatekeeping function for the federal courts, and remand has been granted in cases where the removing defendant was in all likelihood unable to obtain the co-defendant's consent. As example, one federal court has found that remand is proper for failure of some defendants to join in the notice of removal even where the non-joining defendants were served by publication because they could not be found. GMFS, L.L.C. v. Bounds, 275 F. Supp. 2d 1350, 1353 (S.D. Ala. 2003). As GMFS explained, "Defendants ... willing to suffer default rather than defend themselves may be *un* interested in the litigation, but they are hardly *dis* interested. ... The defendants are understandably frustrated that [non-participating defendants] are not aggressively defending this case, but 'an obdurate litigant is not on that account a nominal one.'" Id. (citing In re Amoco Petroleum Additives Co., 964 F.2d 706, 711 (7th Cir. 1992)) (emphasis in original). This Court agrees.

Persuasive case law, particularly Schlegle & Sons Printing, argues against the proposition that entry of default judgment renders a party nominal. Because the removal statutes are to be strictly construed against removal, and all doubts resolved in favor of remand, such is enough to warrant remand of the case. In addition, the removing defendants have tilted the scale even further towards the conclusion that the Corea defendants are not nominal parties by filing a cross-claim against them. See Costello v. Smith, No. 91-1177, 1992 U.S. Dist. LEXIS 3342 at *7 (E.D. Pa. March 9, 1992) ("the decision of the defendants to lodge [a cross-claim against the non-joining party] undercuts their argument that the status of [the non-joining] party is nominal.") The cross-claims in this case demonstrate the plausibility of the plaintiff's assertion that the Corea defendants are "necessary to the complete disposition of the rights and responsibilities of the various parties." Pl. Br. at 7.

**FOR PUBLICATION**

## CONCLUSION

It follows then that the plaintiff's Motion to Remand for failure of the Corea defendants to join in the Notice of Removal is granted.

United States Senior District Judge